IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ISAAC DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 25-0199-KD-MU |
| | ) |
| KENYATTA JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On May 16, 2025, Plaintiff Isaac Davis, proceeding without counsel, filed his amended complaint against Kenyatta Jones and three other defendants. (Doc. 6). This matter is before the Court on Plaintiff's motion for a determination of sufficiency of service of process on Defendant Kenyatta Jones. (Doc. 14). As set forth below, Plaintiff's motion (Doc. 14) is **GRANTED.**

"Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). Because Plaintiff names Kenyatta Jones, an individual, as a defendant, Federal Rule of Civil Procedure 4(e) applies and provides:

> … an individual … may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

This action was filed in the Southern District of Alabama; therefore, Alabama state rules governing service may be followed. Rule 4(c) of the Alabama Rules of Civil Procedure provides that service on an individual may be made "by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service or process." Ala. R. Civ. P. 4(c)(1). Under the Alabama Rules of Civil Procedure, the summons and complaint may be served in accordance with Rule 4(c) by process server or by certified mail. Ala. R. Civ. P. 4(i)(1) and (2).

In this case, Plaintiff has submitted evidence that he attempted service by private process service that was unsuccessful because Jones refused to accept service. (Doc. 10). Thereafter, Plaintiff attempted service on Jones via certified mail, but the return of service was not signed by Jones or any other person. (*Id.;* PageID. 1). The Alabama Rules of Civil Procedure provide that if service is refused, "the clerk shall send by ordinary mail a copy of the summons or other process and complaint or other document to be served to the defendant at the address set forth in the complaint or other document to be served" and that "[s]ervice shall be deemed complete when the fact of mailing is entered of record." Ala. R. Civ. P. 4(e).

2

      Based upon the information set out above and a review of the service documents submitted by Plaintiff, the Court finds that Kenyatta Jones has refused service. Accordingly, the Clerk of Court is **DIRECTED** to mail a copy of the summons and complaint to Kenyatta Jones at 957 Dauphin Street #5, Mobile, AL 36604 by first class mail. The Clerk is further **DIRECTED** to enter the fact of mailing on the docket sheet on the date the summons and complaint are mailed. *See* Ala. R. Civ. P. 4(e).

      **DONE** and **ORDERED** this the **25th** day of **June, 2025**.

                              s/P. BRADLEY MURRAY
                              **UNITED STATES MAGISTRATE JUDGE**