IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ISAAC DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 25-00199-KD-MU |
| | ) |
| KENYATTA JONES, BOARD OF | ) |
| SCHOOL COMMISSIONERS FOR | ) |
| MOBILE COUNTY, ALABAMA, | ) |
| KATINA HORTON, CHERYL | ) |
| ROBINSON-SUTTON, JOHN DOE, and | ) |
| JOHN DOE II, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Plaintiff Isaac Davis's motion for entry of default and motion for default judgment as to Defendant Kenyatta Jones (docs. 38, 39).

I. Background

Davis brings his First Amended Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights under the Fourteenth Amendment (doc. 6). Davis also alleges violations of the Alabama Constitution and state tort law based on the same conduct and invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) (doc. 6, p. 1). Davis's constitutional claims and some tort claims are based on the removal of his minor child I.L. from his "PowerSchool parent account" for approximately 44 days during October and November 2024 (Id.). Davis alleges that Defendants Board of School Commissioners, Principal Katina Horton in her individual capacity, District Registrar Cheryl Robinson-Sutton in her

individual capacity, and Does I and II, made the removal based upon an "invalid custody order" provided by I.L.'s maternal grandmother, Defendant Jones (Id.).[1]

Davis alleges that all Defendants violated his Fourteenth Amendment rights (First, Second and Third Cause), engaged in wanton conduct in violation of state law (Thirteenth Cause), and violated the Alabama Constitution (Fifteenth Cause).

Davis alleges that Horton, Robinson-Sutton and Jones engaged in a conspiracy to violate his Fourteenth Amendment rights (Fourth Cause) and violated state law by engaging in a civil conspiracy (Sixth Cause), intentionally inflicting emotional distress (Seventh Cause), tortiously interfering with his parental rights (Ninth Cause), and negligence (Fourteenth Cause).

Davis alleges that Horton and Robinson-Sutton violated his Fourteenth Amendment rights by failing to verify his status as custodial parent and correcting the removal of I.L. from his PowerSchool account (Sixteenth Cause).

Davis alleges that the Board of School Commissioners are liable under "Monell Liability 42 § 1983" because it "maintained a custom or policy of inadequate training and supervision, failing to require employees to verify court orders against custodial records" (Fifth Cause), and engaged in "statutory negligence" in violation of "Ala. Code § 11-47-190" (Twelfth Cause).

Davis's state law claims alleged solely against Defendant Jones in Causes of Action Eight, Ten, and Eleven (defamation, malicious prosecution, and abuse of process) for conduct unrelated to the removal of I.L. from Davis's PowerSchool account, have been dismissed for lack of jurisdiction (doc. 40).  Thus, at present the First, Second, Third, Thirteenth, and Fifteenth Causes alleged against all Defendants, and the Fourth, Sixth, Seventh, Ninth, and Fourteenth Causes alleged against Horton, Robinson-Sutton, and Jones remain pending.

---

[1] I.L.'s mother is deceased.  Davis alleges that Jones conspired with other Defendants to affect the removal of I.L. from Davis's PowerSchool account.

Davis attempted to serve Defendant Jones. Ultimately, he moved the Court for a determination as to the sufficiency of service (doc. 14). The Magistrate Judge found that Davis presented evidence sufficient to show that Jones refused service by private process server and that Davis's attempt to serve Jones by certified mail was returned unsigned (doc. 24). Applying Rule 4(e) of the Alabama Rules of Civil Procedure,[2] for circumstances where service refused, the Magistrate Judge directed the Clerk of Court to mail a copy of the summons and complaint to Jones at her known address by first class mail and to enter the fact of mailing on the record. Pursuant to Rule 4(e), in this circumstance, "service shall be deemed completed when the fact of mailing is entered of record." Ala. R. Civ. P. 4(e) (doc. 24, p. 2). Accordingly, Jones answer was due July 21, 2025. To date, she has not answered or otherwise responded.

II. Analysis

A. Motion for entry of default as to Defendant Jones (doc. 38).

Entry of default is appropriate "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). However, the Court must be sure that the defendant has been properly served because it lacks jurisdiction over the person of the defendant who has not been properly served. Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Since the Magistrate Judge has determined that service on Jones was sufficient, the Court has personal jurisdiction over her. Since Jones has failed to plead or otherwise defend this action, she is in default. Accordingly, the motion for entry of default is granted and the Clerk is directed to enter default.

---

[2] Fed. R. Civ. P. 4(e)(1) provides for service upon an individual by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In both circumstances, Alabama is the appropriate state.

B. <u>Motion for default judgment as to Defendant Jones (doc. 39).</u>

Rule 55(b)(2) provides for entry of default judgment by the Court. Generally, before granting a motion for default judgment, the Court must confirm that it has personal jurisdiction over the defendant and that the complaint states a claim upon which relief can be granted. The Court has ascertained that it has personal jurisdiction over Jones. Well-pleaded allegations of fact in the complaint are deemed admitted when a defendant defaults. See <u>Surtain v. Hamlin Terrace Foundation</u>, 789 F. 3d 1239, 1245 (11th Cir. 2015) (per curiam). Thus, Jones is deemed to have admitted the well-pleaded allegation of fact in the First Amended Complaint. However, Jones "is not held to admit facts that are not well-pleaded or to admit conclusions of law." <u>Tyco Fire & Sec. LLC v. Alcocer,</u> 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." <u>Id.</u> (emphasis omitted).

However, the Court declines to analyze whether the above elements are met. In this circumstance, where the remaining Causes of Action against Jones show that she is one of several co-Defendants alleged to have acted either in concert or in a conspiracy, "[e]ntry of a default judgment may be inappropriate … if it can lead to inconsistent judgments." <u>Landstar Ranger, Inc. v. JC Tanda Transport</u>, 2025 WL 3682669, at *2 (M.D. Fla. 2025) (citations omitted). "This is possible when the defendants are jointly liable or have closely related defenses." <u>Id.</u> The remaining Defendants have appeared and are defending against Davis's First Amended Complaint. Both the Board and Horton and Robinson-Sutton have filed motions to dismiss. Since the remaining Defendants may ultimately prevail as to all or some of the Causes of Action against them, a possibility exists that allowing a default judgment against Jones would

result in inconsistent judgments. Accordingly, the motion for default judgment is denied, with leave to refile after the resolution of Davis's claims against Jones' Co-Defendants.

III. Conclusion

For the reasons set forth herein, the motion for entry of default is granted and the motion for default judgment is denied, with leave to refile after the resolution of Davis's claims against Jones' Co-Defendants.

**DONE** and **ORDERED** this 8th day of January 2026.

                                        **s / Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**