IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ISAAC DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 25-00199-KD-MU |
| | ) |
| KENYATTA JONES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on Plaintiff Isaac Davis's Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b)[1] (doc. 42). Upon consideration, and for the reasons set forth herein, the Motion for Certification of Interlocutory Appeal is denied.

I. Background

Davis brings his First Amended Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights under the Fourteenth Amendment (doc. 6). Davis also alleges violations of the Alabama Constitution and state tort law based on the same conduct and invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) (doc. 6, p. 1). Davis's constitutional claims and some tort claims[2] are based on the removal of his minor child I.L. from his "PowerSchool parent account" for approximately 44 days during October and November 2024 (Id.). Davis alleges that Defendants Board of School Commissioners, Principal Katina Horton in her individual capacity, District Registrar Cheryl Robinson-Sutton in her

---

[1] Davis's Motion to Hold Certification in Abeyance pending the Court's decision on Defendants' Katina Horton and Cheryl Robinson-Sutton's Motion to Dismiss is granted. The Court has now ruled on their Motion to Dismiss.

[2] Davis's state law claims alleged solely against Defendant Jones in Causes of Action Eight, Ten, and Eleven (defamation, malicious prosecution, and abuse of process) for conduct unrelated to the removal of I.L. from Davis's PowerSchool account, have been dismissed for lack of jurisdiction (doc. 40).

individual capacity, and Does I and II, made the removal based upon an "invalid custody order" provided by I.L.'s maternal grandmother, Defendant Jones (Id.).[3]

Defendants Horton and Robinson-Sutton moved for dismissal of the federal claims on grounds that they are entitled to qualified immunity (doc. 21). The Court granted their Motion to Dismiss (doc. 57).

B. Analysis

While the motion to dismiss was pending, Davis filed a Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) (doc. 42). Davis asks the Court to "certify a novel controlling question of law for interlocutory appeal" (Id., p. 1). Specifically,

> Does the unauthorized removal of a sole legal custodial parent, by a non parent, from a PowerSchool account, a platform integral to exercising parental rights, without notice, hearing, or an applicable court order, in violation of MCPSS policy and continuing 13 days after the expiration of an inapplicable juvenile court order, causing severe harm to parental rights, violate the clearly established Fourteenth Amendment right to direct a child's education and care, as recognized by Troxel v. Granville, 530 U.S. 57 (2000), Mathews v. Eldridge, 424 U.S. 319 (1976), Board of Regents v. Roth, 408 U.S. 564 (1972), and Ex parte E.R.G., 73 So.3d 634 (Ala. 2011), precluding qualified immunity under 42 § 1983?

(Doc. 42, p. 1).

Davis asserts that the "question of whether Defendants' action violated a clearly established right under *Troxel, Mathews, Board of Regents*, and *E.R.G.* is controlling, as it determines qualified immunity for the § 1983 claims" (Id., p. 2). He "requests that the Court certify the stated question for interlocutory appeal under 28 [U.S.C.] § 1292(b)" (Id., p. 2).

Upon consideration, the Motion is denied. The Court granted Defendants Horton and Robinson-Sutton's motion to dismiss and found that they were entitled to qualified immunity as to Davis's claims brought pursuant to 42 U.S.C. § 1983. An order granting qualified immunity is not immediately appealable. Hardwick v. CorrectHealth Bibb LLC, No. 22-10878, 2023 WL

---

[3] I.L.'s mother is deceased. Davis alleges that Jones conspired with other Defendants to affect

4350574, at *1 (11th Cir. July 5, 2023) ("Under the collateral order doctrine, orders denying official or qualified immunity are sometimes immediately appealable. … But the Hardwicks appeal the decision to *grant* qualified immunity to defendant Parrott and Joiner, and an order *granting* qualified immunity is not immediately appealable.") (emphasis in original) (internal citation omitted) (citing Winfrey v. Sch. Bd. of Dade Cnty., 59 F.3d 155, 158 (11th Cir. 1995)). In Winfrey, the Eleventh Circuit explained that a district court's summary judgment order granting qualified immunity to two defendants while claims remained pending was "capable of being fully and effectively reviewed when the court issues a final judgment in this action." 59 F.3d at 158.

    **DONE** and **ORDERED** this the 6th day of March 2026.

                                          **s / Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**

---

the removal of I.L. from Davis's PowerSchool account.